AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☒ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

FILED
CLERK, U.S. DISTRICT COURT

10/24/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___clee___ DEPUTY

United States of America

v.

MALINA JO GREEN,

Defendant(s)

Case No.   2:20-mj-05160-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 24, 2020 in the county of Los Angeles in the Central District of California,

the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute Controlled Substances |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
Complainant's signature

TFO Roland Spears, DEA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: October 24, 2020

*Judge's signature*

City and state: Los Angeles, California

Hon. Steve Kim, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT**

I, Roland Spears, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against Malina Jo GREEN ("GREEN") for a violation of 21 U.S.C. § 841(a)(1): Possession with Intent to Distribute a Controlled Substance.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant, and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF AFFIANT

3. I am a Deputy for the Los Angeles County Sheriff's Department ("LASD") and have been employed in this capacity for since 1987. I have been assigned as a Narcotics Investigator for twenty-seven years, 1988-1990 and 1995-present.

4. I am currently assigned to the Drug Enforcement Administration ("DEA") Los Angeles Field Division, Los Angeles International Airport ("LAX") Narcotics Enforcement Task Force ("NTF") as a Task Force Officer ("TFO"). I have been assigned

to the LAXNTF on two occasions for a total of twelve years. During this time I have been involved in numerous cases related to passengers smuggling narcotics or narcotics proceeds through Los Angeles via passenger airlines. I have attended eighty hours of classes on recognition, packaging, sales, and methods of use of controlled substances. I have attended in-service training and familiarized myself with investigations by others related to narcotics identification, use, sales, and investigative techniques related to illicit narcotics trafficking. I attend yearly training specifically designed to learn about and share information regarding smuggling cases at airports throughout the United States.

    5. Specifically, the LAXNTF is focused on investigating airport/airline internal conspiracies in which criminal enterprises recruit airport/airline employees to exploit their privileged airport access and knowledge of existing airport security procedures, as well as airline passengers smuggling drugs and drug proceeds through the airport. Previous and current investigations have identified Transnational Criminal Organizations that rely generally on drug trafficking as their primary source of revenue. As such, TCOs require the use of various forms of transport in order to obtain and distribute large amounts of illicit drugs into and through the United States, and air travel provides a significant opportunity for them to do so. Additionally, air travel provides an opportunity to smuggle and distribute other contraband, including drug proceeds.

6. Based on my training and experience, I am familiar with the methods of operation of drug traffickers, including the importation, exportation, distribution, transportation, and storage of controlled substances, as well as the collection money proceeds of drug trafficking and methods of money laundering used to conceal the nature of the proceeds. I am also familiar with the ways in which drugs and drug proceeds are smuggled on both commercial and private aircraft, and the ways in which drug smugglers and money launderers use digital devices to facilitate and conceal their crimes.

### III. SUMMARY OF PROBABLE CAUSE

7. On October 24, 2020, Transportation Security Administration ("TSA") officers and Los Angeles World Airports Police officers ("LAXPD") found approximately 1.29 kilograms (including packaging) of a white-colored substance resembling fentanyl and approximately 2.31 kilograms (including packaging) of a dark colored substance resembling heroin. The suspected fentanyl and heroin were inside vacuum sealed containers which were inside vacuum sealed space saving bags, hidden amongst clothing within a suitcase with an attached baggage tag bearing the name of Malina GREEN ("GREEN"). GREEN was scheduled to travel on Delta Airlines flight #0354/1778 from Los Angeles to Atlanta, Georgia with a final destination in Richmond, Virginia. Following the discovery of the suspected narcotics, it was determined that GREEN was aboard Delta airlines flight #0354, which had already departed Los Angeles International Airport at 6:00 a.m.

## IV. STATEMENT OF PROBABLE CAUSE

8. Based on my review of law enforcement reports, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

### A. TSA Screeners Identified one Checked Bag Belonging to GREEN Containing a Suspicious Substance

9. Based on my review of a October 24, 2020 LAXPD report written by LAXPD Officer Gikas, I know the following:

10. On October 24, 2020, TSA Officer Christopher Mackay was conducting routine security checks on passenger-checked luggage using an x-ray machine when he noticed what he described as an "unknown mass concealed within an unknown object" on the screen that required him to clear by a physical bag check. TSA Officer Mackay searched the bag and found two vacuumed sealed space saver bags hidden amongst clothing items. TSA Officer Mackay discovered that the two vacuum sealed space saver bags contained clothing items and three vacuum sealed containers. The three sealed containers were similarly wrapped in multiple layers of clear plastic.

11. The TSA then contacted Los Angeles Airport Police Division ("LAXPD") and the Department of Homeland Security ("DHS") explosives specialist for further investigation. The DHS Explosive specialist deemed the items to be non-explosive.

12. LAXPD Officer Gikas inspected the suitcase. Officer Gikas noted that the suitcase had a baggage tag attached bearing the name "Malina GREEN," identifying the suitcase as luggage that GREEN had checked-in for Delta Airlines flight #0354/1778

to Atlanta, Georgia with a final destination being Richmond, Virginia.

13. At approximately 7:45 a.m., TFO Roland Spears and DEA Special Agent Norman Tobias met with LAXPD officer Gikas at the LAXNTF Office and took custody of the suitcase and the suspected fentanyl and heroin.

14. I opened the suitcase and observed two clear plastic space saver bags. One bag contained three packages. Each package was vacuum sealed and each was similarly wrapped in multiple layers of clear plastic.

15. At the LAXNTF office, Agent Norman Tobias tested three packages wrapped with clear plastic. Utilizing the TruNarc Raman spectrometer, Agent Tobias found that one package contained a white substance that tested positive for fentanyl and two packages contained a dark substance that tested positive for heroin.

## V. CONCLUSION

16. For all of the reasons described above, there is probable cause to believe that Malina JO GREEN has committed a
//

violation of 21 U.S.C. § 841(a)(1): Possession with Intent to Distribute a Controlled Substance.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this __24th__ day of October_____, 2020.

_____
STEVE KIM
UNITED STATES MAGISTRATE JUDGE